UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAKOTA LEWIS DOWNEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. CIV-24-890-SLP |
| GRADY COUNTY MEDICAL AND NOETIC STAFF, et al., | ) ) ) ) |
| Defendants. | ) ) |

**REPORT AND RECOMMENDATION**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Doc. 1. United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss the Complaint without prejudice.

**I.   Background and Discussion**

On October 31, 2024, the Court explained to Plaintiff that his Complaint did not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure and ordered him to file an amended complaint using the Court's approved form. Doc. 9. The Court also warned Plaintiff that "[f]ailure [to comply] may result in the recommendation of dismissal" of this action. *Id.* The amended complaint was due not later than November 21, 2024. *Id.* The Clerk of Court mailed the Order and the appropriate form to Plaintiff at his last known address. The Clerk of Court had also previously mailed a Notice of Change of Address form to Plaintiff at his last known address. The case docket indicates that, as of this date,

Plaintiff has failed to comply with the Order, as he has not filed an amended complaint. Nor has Plaintiff attempted to show good cause for his failure to comply or requested an extension of time in which to comply.

The docket further reflects that, on November 11, 2024, the postal service returned as undeliverable the Court's Order from October 31, 2024. Doc. 11. As of this date, Plaintiff has not notified the Court of a new address. Plaintiff is responsible for notifying the Court of any change of address, LCvR5.4(a), and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." *Id.*; *accord* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties . . . bear the burden of filing notice of a change of address [and] [t]he fact that [plaintiff] is acting pro se does not eliminate this burden.").

A court may dismiss an action if the plaintiff "fails to prosecute or to comply with [the rules of civil procedure] or a court order." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte). Failure to comply with court orders leaves a court unable "to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 631. Plaintiff's failure to comply with the Court's order and rules, combined with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See Ellis v. Diggins*, No. 24-1204, 2024 WL 4450600 (10th Cir. Oct. 9, 2024) (finding no abuse of discretion when a district court dismissed a case without prejudice pursuant to Rule 41(b) when plaintiff failed to comply with court's order to cure IFP motion).

## II. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the Complaint without prejudice. Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of this Court by December 26, 2024. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 4th day of December, 2024.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE